UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

FRED POWELL )
 )
v. ) NO. 2:01-CR-56
 ) 2:05-CV-153
UNITED STATES OF AMERICA )

**O R D E R**

The petitioner has filed a *pro se* motion to vacate, set aside or correct his sentence under Section 2255. The petitioner was sentenced, following a plea of guilty to aiding and abetting the distribution of cocaine hydrochloride, on January 28, 2002. His petition under Section 2255 was filed on May 27, 2005. The petitioner did not appeal his sentence.

Apparently the petitioner contends that the one year statute of limitations applicable to Section 2255 petitions has not yet run by claiming that the recognition by the Supreme Court in *United States v. Booker*, 125 S.Ct. 738 (2005), that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict to be proved to a jury beyond a reasonable doubt," is

retroactively applicable to cases on collateral review.

Contrary to the petitioner's position, the Sixth Circuit Court of Appeals recently held that the *Booker* decision does "not apply retroactively in collateral proceedings." *Humphress v. United States,* 398 F.3d 855, 2005 WL 433191, * 4 (6th Cir. 2005). In so holding, the Court affirmed the District Court's denial of Humphress' § 2255 motion which claimed that his sentence was impermissibly increased on the basis of facts found by the sentencing court. Of some note is the fact that Humphress made a direct appeal of his sentence from the sentencing court, while Mr. Powell failed to make any challenge to his sentence on direct appeal.

Therefore, because the Supreme Court's decision in *Booker* is not retroactively applicable, the petitioner's judgment of conviction became final in 2002, and his petition is barred by the the one-year statute of limitation contained in Section 2255. Accordingly, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE